**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JANICE K. GENTRY                                                         PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:09cv420-HTW-LRA

SKYHAWKE TECHNOLOGIES, LLC
AND OTHER KNOWN OR UNKNOWN
ENTITIES                                                                  DEFENDANT

<u>**MEMORANDUM OPINION AND ORDER**</u>

 Before this court is defendant's motion for summary judgment brought pursuant to Rules

56 (b)[1] and (c)[2] of the Federal Rules of Civil Procedure.  Plaintiff is Janice K. Gentry, who

asserts that defendants have discriminated against her for making charges, testifying, assisting, or

participating in enforcement proceedings in violation of Section 704(a) of Title VII of the Civil

Rights Act of 1964.[3]  The only identified defendant here is Skyhawke Technologies, LLC.

---

 [1]Rule 56(b) of the Federal Rules of Civil Procedure, prior to the 2010 amendments, provided, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

 [2]Rule 56(c) of the Federal Rules of Civil Procedure, prior to the 2010 amendments, provided, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

 [3] Section 704(a), Title 42 U.S.C. § 2000e-3, states:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for

Plaintiff also named as defendants, "Other Known or Unknown Entities."  Since plaintiff has not moved to identify these "parties," this court ignores their presence as "fictitious parties."[4]   For the reasons given below, the court finds the defendant's motion for summary judgment on claims of a Title VII violation to be well taken and the defendant's motion for summary judgment is hereby granted.

## **Background**

The plaintiff, Janice Gentry, filed the instant complaint on June 11, 2009, and an amended complaint on August 30, 2009.  Therein, she contends that Skyhawke had offered her a position but rescinded the offer upon learning that she had previously filed a complaint with the Equal Employment Opportunity Commission (EEOC)[5] against a previous employer, Skytel, Jackson, Mississippi, charging improper conduct in violation of Title VII. Plaintiff seeks recompense under Title VII, which forbids such employer response when an employee engages in "protected activity."  The defendant contends that the plaintiff cannot substantiate a *prima facie* case and cannot go forward.

## **Analysis**

The defendant has submitted its motion for summary judgment supported by factual

---

membership, because he has opposed any practice made an unlawful employment practice by this title [42 U.S.C. §§ 2000e-2000e-17], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title [42 U.S.C. §§ 2000e-2000e-17].

[4]Title 28 U.S.C. § 1441(a) provides that: For purposes of removal. . .the citizenship of defendants sued under fictitious names shall be disregarded. This logic is applicable here.

[5]"In order to file suit under Title VII, 42 U.S.C. § 2000e-5 requires that a plaintiff file a charge of discrimination with the EEOC 'within one hundred and eighty days after the alleged unlawful employment practice occurred.'" *Floyd v. Amite County Sch. Dist.*, 581 F.3d 244, 248 (5th Cir. 2009).

material.  Included in those submissions are portions of the plaintiff's deposition and responses to requests for admission wherein she admits she was terminated in 1996 for cause from her job as a customer service representative at SkyTel, due to tardiness and absenteeism.  The plaintiff concedes, further, that the opinion from the Mississippi Employment Security Commission was authentic and accurate in finding that plaintiff had been tardy or absent fifty-two (52) times despite having been given warnings.

Plaintiff was also reprimanded for sleeping on the job, being unpleasant and generally being a difficult person with whom to work. Additionally, she was reprimanded for bringing a gun to work.

The defendant asserts that based on poor performance reports issued while Plaintiff worked at SkyTel, the Human Resources Manager of SkyHwake declined to place Plaintiff in a position at SkyHawke. Further, nowhere in this record is any evidence that at the time SkyHawke made its decision not to hire plaintiff it had any information about prior EEOC complaints made by the plaintiff.

In response, the plaintiff has utterly failed to submit any admissible evidence, or any evidence at all. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007) (nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim). Plaintiff did not take depositions.  She did not submit affidavits.  She did not submit responses to requests for admission.  She did not submit answers to interrogatories.  Although she made reference at oral argument to findings from the EEOC, those documents are not in the record. She refers to statements made to her by an employee of the temporary staffing agency who sent her to be interviewed at SkyHawke. Those statements, however, are not admissions of a party

opponent since the staffing agency is not a party to this action, and they contain double hearsay, which was in no way authorized by or binding upon the defendant. Fed. Rule of Evid. 805.

The court is forced to rely on the evidence submitted by the defendant SkyHawke. Once the movant presents a properly supported motion for summary judgment, the non-movant must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v.* Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citation omitted). Rule 56, therefore, saddles the non-movant with the duty to "designate" the specific facts in the record that create genuine issues precluding summary judgment. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996).

The opposing party here, the plaintiff, in a proper response to a motion for summary judgment must submit more than naked denials or pure speculation. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). In *Celotex Corp., supra*, at 322, the United States Supreme Court held, "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

In a retaliation case, a prima facie case is shown if the plaintiff establishes that "(1) [s]he participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *See, e.g., McCoy v. City of Shreveport*, 492 F.3d 551, 556-557 (5th Cir. 2007). In order to establish a prima facie case of discrimination, a plaintiff must prove that:

(1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside of her protected class. *See, Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005).  Here, the plaintiff has not offered proof of these elements.

Fifth Circuit precedent requires evidence of knowledge of the protected activity on the part of the decision maker.  *Ramirez v. Gonzales, supra,* citing, *See Swanson v. Gen. Serv. Admin*. 110 F.3d 1180, 1188 (5th Cir. 1997).  The proper inquiry is "whether [the employer's] *perception* of [the plaintiff]'s performance, accurate or not, was the real reason for her termination."  *Shackelford v. Deloitte &Touch, LLP,* 190 F.3d 398, 408-409 (5th Cir. 1999); see also *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003)("[The inquiry] is not whether [the employer]'s proffered reason was an incorrect reason for the [discharge]").  As the Fifth Circuit explained in *Mayberry v. Vought Aircraft Co.*:

> [E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason.  We do not try in court the validity of good faith beliefs as to an employee's competence.  Motive is the issue....
> [A] dispute in the evidence concerning... job performance does not provide a sufficient basis for a reasonable factfinder to infer that [the] proffered justification is unworthy of credence.

55 F.3d 1086, 1091 (5th Cir. 1991).

Plaintiff has failed to direct this court to any, much less sufficient, admissible record evidence in support of her claims.  Her burden will not be satisfied by "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Boudreau v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Where the plaintiff's

claims are unsupported, the defendant's motion should be granted and the claims dismissed. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992).

The only admissible proof present in this case is that submitted by the defendant. The plaintiff contends she was offered a position; the defendant contends she cannot prove that fact. The plaintiff contends the defendant wrongfully rescinded that offer; the defendant contends she cannot prove that. Simply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext. *LeMaire v. La. Dep't. of Transp.& Dev.*, 480 F.3d 383, 391 (5th Cir. 2007). *See also Bryant v. Compass Group USA, Inc.,* 413 F.3d 471, 478 (5th Cir. 2005) (stating that the fact that an employer's investigation reaches the wrong conclusion does not show an improper motivation).

The plaintiff contends that the rescission of the job offer was based on the false or pretextual statement that the company was going through restructuring, but that information came from persons within the employment agency, Staffers, Inc., who had no authorization to speak of restructuring on behalf of defendant. In any event, that information would be double hearsay and hence inadmissible. *See* Fed. Rule Evid. 801(d)(2)(D) (requiring statement by a party's agent or servant to be made within the scope of employment). See, e.g., *Ramirez v. Gonzales*, *supra*, at 210 (finding statement not within scope of employment when declarants relating what decision maker said were not involved in the company's discharge of plaintiff).

In short, plaintiff has submitted no admissible proof as to the elements of her cause of action. As stated earlier, she submitted no affidavits, no answers to requests for admissions, nor answers to interrogatories and no excerpts of depositions. Even the portions of EEOC file upon which she relied at oral argument were not part of this record. The court cannot rely upon that

argument.  The court can only rely on what has been filed before this court.

## <u>Conclusion</u>

After having examined the materials that are in the record, the court has no option but to grant the motion for summary judgment.

It is therefore ordered and adjudged that the defendant's motion for summary judgment should be and is hereby granted. This case is dismissed with prejudice. This court will enter a judgment in accordance with the local rules.

So ordered, this the 31st day of March, 2011.


s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE


Civil Action No. 3:09-cv-420 HTW-LRA
Memorandum Opinion and Order